Good morning, Your Honor. Good morning. Malia Haq, on behalf of the Petitioner. May it please the Court. Petitioner appears before this Court to submit that the agency abused its discretion in finding that all applications for relief were pretermitted for failure to comply with the Court's set deadline for one particular application, namely the withholding of removal application. The IJSO found under Regulation 8 CFR 1003.31c, which clearly states that if an application or document is not filed within the time set by the IJ, the opportunity to file that application or document shall be deemed waived. To expand the plain reading of the text of the regulation to read that all applications for relief are deemed waived if the deadline for one is missed would lead to undue harsh results and impede on the alien's due process rights. In the context of the hearing, as I understood it, the IJ gave three extensions to the Petitioner's attorney for the types of relief that the attorney said he was seeking. And then at the final deadline, the attorney failed to file. And so the IJ said, I set these limits, you expressed what you were going to file, and you can't now come back with something totally different. Why isn't that within the IJ's discretion? And is that the correct standard of review for us in abuse of discretion review? Yes, Your Honor. I believe that abuse of discretion would be the appropriate review because other discretionary decisions by an IJ, for example, whether to allow a continuance in a hearing, those matters are reviewed for abuse of discretion. In this particular case, as my colleague indicated, there were three extensions already. Based upon your standard, could there ever be a time when the IJ could say, hey, now, what are you saying, you need to give them 10 continuances, 20, 30, 40? At some point, you have to call a halt to it, right? Yes, Your Honor. But we believe that in this particular case, Your Honor, that the withholding application was conceded to be properly pretermitted because the IJ gave a very clear deadline in her order. However, the Petitioner's brief states that, in this case, that the CAT application was not – there was no as such deadline set by the judge for the CAT application. There is no statutory deadline. And the issue of the CAT eligibility was raised before the IJ. But the tagger's lawyer said that that was a sole application and everything was in that application. I mean, sooner or later you could ask the Petitioner, is this it? And if the Petitioner or Petitioner's lawyer indicates this is it, this is a sole application, that's a waiver of every other application, isn't it? I would submit that it's not, Your Honor. There is a local operating procedure that allows for an application for relief to be filed 15 days before the hearing. That's right. But if you get a commitment from the party that this is it, then this is it. I mean, let's face it. We have these petitions going on for decades. And we have to get some sort of relationship of, okay, this is my claim. All the facts are known. This is my claim. And then let the IJ handle that. This open-ended – I don't understand your argument that it's open-ended even though they said it's not open-ended. This is the sole basis of my claim. Well, Your Honor, it could be the possibility that an alien's counsel, after further discussion with an alien, does discover further avenues of relief. Anything could happen. The moon might not come up tonight. But once the commitment is made, unless the attorney goes back and petitions the court and says I found something new and leaves it to the court, why can't the court run its own document just like they do in the district court? Well, Your Honor, in this particular case, I would submit that the fact that the court itself recognized that the Petitioner did not speak any English and that the person, the Petitioner, was represented by Mr. Guajardo, who is well-known for his ineffective assistance of his attorneys. Wait a minute. Wait a minute. You have a factual determination within this record that tells that? Your Honor, on page 10 of the AR, it discusses Mr. Guajardo's disbarment and other issues that come up with his representation. Is there anything in the record that shows that it was well-known that in this case that he committed some malpractice? There is nothing. Has a judge decided that? No. No, Your Honor. Not on this record. There's no judge that has decided that. Then do we decide a person's reputation and then we make a decision? I don't know of any case that says that. Yes, Your Honor. So what do we have here, that the IJA couldn't run his or her own calendar? Your Honor, the fact that there is no limit or there's no statutory limit for a CAD application and that there's no limit set by the IJA for a CAD application, we believe that the only limit that was set was for the withholding application, not the CAD application. So if the person says, I waive the CAD application, that's of absolutely no benefit at all to the outcome of the case. I'm sorry, Your Honor. Can the CAD application be waived? Can the CAD application be waived for failure to be filed within the deadline? Is that the question? The question is can the CAD application be waived. You said it's always open. I don't understand that. It can't be waived? Yes. What I'm trying to say, Your Honor, is that when the issue has been raised and there is document submitted before the deadline that she is afraid to return to her country of origin, I believe that in that situation the IJA is on notice that the CAD issue has been raised and that she pre-terminated all applications two days before the merits hearing was set to continue. The merits hearing was already scheduled. It would not have been any inconvenience to the court to allow the merits hearing to continue and then hear the CAD application. And at that point the waiver application had been properly filed according to local rules to allow that to continue and then make her decision on those applications. Before you run out of time, the BIA also denied the Petitioner's motion to remand on the grounds that the Petitioner hadn't made a prima facie case of eligibility for a 1227-81H waiver. Is that issue before us? Are you appealing that issue as well? Your Honor, we – I believe that the main issue here is whether all applications were deemed waived or not. The BIA – no, I believe that the IJA's decision did not address the eligibility for the waiver. The BIA discussed that eligibility and for that reason we would, you know, submit that she was prima facie eligible and that the BIA's decision was an error. So I believe that we would raise that issue. So what's our standard for a motion to remand? I've seen motion for reconsideration being denied, motion to reopen being denied, but a motion to remand I'm not sure about. What's our standard of review for the BIA's determination on that? Your Honor, I believe that the BIA's standard is the motion to reopen and the motion to remand is treated similarly by the BIA. So I would submit that the motion to remand would have the same standard as for a motion to reopen by this Court. Do we take into account at all the fact – you get past the waiver issue, and I don't know that you do, but if you did, along the lines of what Judge DeCute indicated, under 1227A3B3i, your client really can't – she's not eligible for the waiver, is she, under any circumstances? Well, Your Honor, I would submit that the language of the waiver is broad enough to encompass that ground of inadmissibility and the intent of the waiver to preserve family unity of U.S. citizens. That's all discretionary with the Attorney General, right? Yes. Can the Attorney General waive that statute, though? Your Honor, it is not explicitly waived, no. I don't believe. I mean, it was a failure to register and falsify documentation and so on. I'm unaware of any case law. I'd sure be interested if there is one that says that she, the Attorney General, can waive that criminal violation. Your Honor, the conduct underlying the criminal violation is the same as for other grounds of inadmissibility that are waived under. So I would just submit that that ground is also covered. Fraud. They can waive fraud, conviction of fraud. They can waive that? Your Honor, the conduct is the marriage fraud. So there are waivers. It is fraud. She was convicted of a felony. Yes, Your Honor. However, I would just submit that the fact that the conduct is the same as under other grounds that are waived clearly under the waiver. How long ago did your client enter the United States illegally? She entered in 1995, Your Honor. Eighteen years. Yes, Your Honor. So I was struck by the H waiver is for grounds of inadmissibility, whereas the B-3 issue is a ground of deportability. So it doesn't seem by its terms that the H waiver would cover grounds under the little 3i. How would we address that? Yes, Your Honor. I'm running out of time. But I will just submit that, again, I will just go back to the congressional intent and just say that the fact that Congress meant to preserve the unity of the families of U.S. citizens and also that the conduct is the same for which the conduct underlying that ground is the same conduct that leads to other inadmissibility grounds that are clearly waived by the waivers. I believe they should be expanded. Thank you. Thank you, Counselor. You're out of time. Let's hear from the government. Good morning, Your Honors, and may it please the Court. Kylie Kane on behalf of the Attorney General. First, I just want to reiterate that we also agree that the standard of review for both the motion to remand before the Board as well as adjudicating whether the agency  should be remanded. I know that we specifically addressed those in the brief, just pointing out that there's actually no published case law yet from this Court on the proper standard of review regarding the abandonment issue under the regulation. So your suggestion, we publish this case and establish such a standard in as much as both sides agree that's the proper standard. I think that would be beneficial. There are not that many cases from this Court addressing this particular regulation, but all of them that are out there are unpublished and don't articulate a standard, so it may be helpful for the parties and future parties if that were to be articulated in this decision. Regarding the merits of the abandonment, I do just want to point out regarding the cap application that no application was ever filed. So this isn't a matter of her filing it late and having the immigration judge refuse to adjudicate it or to even file it before the Board and have the Board  remanding to the IJ. There is no application for asylum, withholding of removal or convention against torture protection in this record. So we don't know what the contours of that claim would even be. So I want to be sure I understand, because counsel, I thought, made a representation that there was a cap claim pending, withholding removal and the like, and that it wasn't addressed by the IJ. Judge Wallace asked whether the whole thing were included. You're saying that contrary to her representation, there was in fact no cap application at all. That is my understanding. Typically, and I think Your Honors are well aware that typically the asylum application acts as the application for convention against torture. And in fact, in the updated asylum application, there's now explicitly a box to check if you'd like your application to be deemed a cap application. Now, that's not to say that that's the only way to raise a cap application, but that's just how it's typically done, because these three forms of relief and protection are so closely related. They usually go on one form. But Ms. Taggart never actually appeared before the immigration judge for a merits hearing. So she does not – there's no testimony regarding her fear of return to India. And instead, what we have are her attorney's representations that that was what he was going to file for her, but he never did. So we don't have an application in this record. Here's what I'm troubled by. So the IJ adjudicates her claim. And what – there might be changed circumstances in the country, or she may get a better attorney who realizes she does have a reasonable claim that she would be tortured if she returned. How can – how would that work if she does have a legitimate cap claim and we have such a strong rule and policy against sending people to countries where they're going to be tortured? How would she be able to get her cap claim then adjudicated? In this particular instance where we already have an immigration judge determination that it was waived, if that's what you're talking about, if something had changed after the IJ said that the application had been deemed abandoned, she could file a motion to reopen with the immigration judge based on changed circumstances. The regulations do permit for these forms of relief, asylum, withholding of removal and convention against torture, to file a motion to reopen either at the immigration judge stage, if that was the posture, or at the motion – or, excuse me, at the board if that's how far her case had gotten before the claim was realized. So the regulations permit those to be filed outside of the 90-day deadline that's typically imposed on motions to reopen before the agency. So there is a mechanism for that to be brought to the agency's attention even after it's deemed abandoned. But, of course, she would have to show that something had changed, because when you have a representation from her saying, I don't have a claim, then you can't then come back with an application. There needs to be a reason that the application is being filed out of time. But changed country conditions are certainly one of those reasons under the regulations. Now, in this instance, she did retain a different attorney after Mr. Guajardo, who had represented her through the immigration judge proceedings, before the board rendered a decision, because he was suspended from practice before the board prior to the board's decision in this case. So she had another attorney who was representing her, who entered his appearance and was representing her, and even that attorney, prior to the board's decision, could have submitted an application to the immigration judge in a motion to reopen context, or could have filed it to the board asking for a remand for adjudication on that application. But that second attorney didn't do that either. So there just simply isn't an application here to look at. Could you also address in the H. 1227a1h, there's that – there's a hangover paragraph there which seems very broad. I'm looking for my language. That says a waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation. And if I understand Petitioner's argument correctly, the H would waive the obtaining the visa by fraud. And what the I.J. said was, but not the conviction for the same conduct. And so the argument is, well, under this carryover paragraph in H, that's the conviction is directly resulting from the fraud or misrepresentation which is waived elsewhere in the statute. What's your response to that argument? I have two responses, and one actually is going to relate to the question that you asked, Ms. Hawk, just a minute ago, and that regards inadmissibility versus deportability, because that language that you just quoted me in that subsection says that it can waive removal based on grounds of inadmissibility directly relating to fraud or misrepresentation. Well, the conviction ground of removal is a ground of deportability. It's not a ground of inadmissibility. And therefore, by the plain language of the statute, it cannot be waived. Now, there is a board decision that it's not directly on point. It's a little bit outside of this context. It's in the 212C context, which is a waiver of criminal grounds of report, excuse me, inadmissibility. But as we well know, as 212C has been litigated up to the Supreme Court numerous times recently, even this past term, where what is often looked at is comparing the new grounds of deportability and the old grounds of inadmissibility and seeing if there's a likeness between the two such that even if an alien is ordered removed under the deportability grounds, they can still apply for this waiver that's couched under the inadmissibility grounds. Now, this is in the 212C context. Now, there's this board decision matter of Jimenez-Centillo, which it's unfortunately it's buried in a case that I cited in my brief. So maybe if I could just provide you with the citation. It's 21 INN decision 567. It's a 1996 case. And what that case discusses is whether or not this exact ground of removability, that is deportability, this conviction for misuse of frauds, has a comparable ground of inadmissibility under the 212C sections of the INA. And the board comes to the determination that it is not. And I think that makes sense, because when we're looking at inadmissibility, we're looking at conduct that happens at the time of the person's entry into the country. A lot of the conduct that caused her to be convicted of this felony happened while she was in the United States. It wasn't just plainly the marriage fraud. There were a lot of other things that went into the conviction that led the U.S. that happened in the United States that relate to property, getting property in their joint names, passing their children off as each other's, you know, permutations of the different couples. It was an elaborate marriage fraud scheme that happened. It wasn't just simply alleging a marriage to her blood brother, which is what she did at the border to come into the United States. There's all this conduct that's happened while they've lived here that led to the prosecution and later the conviction. And so I just think that the grounds are so distinct, it's not just the mere misrepresentation at the border that she's trying to waive under this. She's trying to waive a felony conviction for which the prosecutors, the U.S. Attorney's Office, you know, deemed appropriate to prosecute and eventually secured a conviction for. So I think the conduct is just too different there. Kennedy. Can the Attorney General even waive such conduct? Well, the Attorney General's, you might be putting me on the spot here. I'm not thinking of a particular waiver. What I can say is that Department of Homeland Security always has discretion to not bring the charges in the first place. Well, yeah, it's different. But statutorily, unlike some things that are very clearly waivable and they're in the discretion of the Attorney General, this is a criminal conviction. Right. It's a serious criminal conviction. Right. It is a felony conviction. And the statute says it's a ground for deportability. Other than not prosecuting and removing the person, is there any waiver possibility? I do not know of one. That doesn't necessarily mean there's not some obscure one out there. I don't want to represent that. But I cannot think of one of the common waivers that are used. 212C is a popular one for waiving criminal grounds of removability. But, again, we have this matter of Jimenez-Sentiu case that says it wouldn't apply. Plus, that waiver has been repealed, was repealed back in 1996, despite its longevity. It's still going. But she wouldn't be eligible for that one. So I can't think of one. Thank you very much for your argument. Thank you. Thank you both. The case just argued is submitted.
judges: Wallace, Smith, Ikuta